IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ANGEL CENTERO MORALES** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>**JACK LEE, ET AL.,** )<br>)<br>Defendant(s). ) | Case No. 7:13CV00527<br><br>**OPINION AND ORDER**<br><br><br>By: Robert S. Ballou<br>United States Magistrate Judge |

Plaintiff in this prisoner civil rights action under 42 U.S.C. § 1983 has filed a motion for entry of default against Defendant Carl Moore. Because plaintiff is proceeding *in forma pauperis*, the clerk's office prepared notice of waiver of service paperwork regarding plaintiff's amended complaint and mailed it to Moore on August 12, 2014. See 28 U.S.C. § 1915(d). The notice gave Moore 30 days from that date to return an executed waiver of service and, if he met this deadline, gave him 60 days from August 12, 2014, to respond to the amended complaint. See Fed.R.Civ.P. 4(d)(3). The clerk received and docketed on October 21, 2014 a waiver form dated October 1, 2014 on which Moore's name is printed on the face. This form is not signed and does not comply with the requirements for service under Federal Rule of Civil Procedure 4. Moore has not answered or otherwise responded to the amended complaint.

Plaintiff argues that Moore is in default because he returned the waiver of service, but did not respond to the complaint within 60 days from August 12, 2014. On that basis, plaintiff moves for entry of default against Moore. This motion is not well taken.

Moore did not return the waiver within 30 days from August 12, 2014, the date it was mailed to him. Because Moore did not comply with plaintiff's request for waiver of service within the 30-day time limit, neither plaintiff's request nor Moore's untimely waiver constituted

effective service of the amended complaint. See Yarbrough v. Garrett, No. 06-14021, 2007 WL 2049293, at *3 (Slip Copy) (E.D. Mich. 2007) (denying entry of default because defendant's untimely waiver did not effectuate proper service, the time for filing of the answer never began to run). Moore's time to respond cannot start running until the amended complaint is properly served on him. See Fed.R.Civ.P. 12(a)(1) (A), (B) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent. . . .").

"It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant." Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D.Md. 1996). Because Moore's late waiver of service did not effectuate service of the amended complaint, his belated and unsigned waiver did not trigger the 60-day response deadline offered under Rule 4(d)(3), and he is not in default.

After review of the record, it is now **ORDERED** as follows:

1. Plaintiff's motion for entry of default (ECF No. 68) is **DENIED**; and

2. United States Marshals Service is **REQUESTED** to attempt personal service of process upon Carl Moore, to consist of a summons and a copy of plaintiff's amended complaint, and shall command all necessary assistance, pursuant to 28 U.S.C. § 566(c), to locate and accomplish personal service on this defendant.

The Clerk is directed to send a copy of this order to the parties.

    Enter: October 30, 2014

    */s/ Robert S. Ballou*

    Robert S. Ballou
    United States Magistrate Judge