CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 23 2015

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGEL CENTERO MORALES, a.k.a. ANGEL CENTENO MORALES, | CASE NO. 7:13CV00527 |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| JACK LEE, ET AL., | By: Glen E. Conrad<br>Chief United States District Judge |
| Defendants. | |

Angel Centero Morales, also known as Angel Centeno Morales, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was an inmate at the Middle River Regional Jail ("the jail"), a jail officer sexually assaulted him. Morales sued the jail, its superintendent, and the assailant officer, Carl Moore. Morales later obtained counsel and filed an amended complaint, renewing his constitutional claims under § 1983 and adding related state law claims against all of the defendants and the jail authority. The jail, jail authority, and the superintendent, Jack Lee, have filed dispositive motions, and Morales has responded, making these motions ripe for disposition. After review of the record, the court dismisses the state law claims as time barred; dismisses the § 1983 claims against the jail and the jail authority; and grants summary judgment for Lee. Furthermore, the court will require Morales to provide service information for Defendant Carl Moore in thirty (30) days if he wishes to avoid dismissal under Rule 4(m) of the Federal Rules of Civil Procedure.

## I. Background

During his time as an inmate at the jail, Morales worked as a staff cook. On November 14, 2011, he was preparing lunch for jail staff and talking to another inmate kitchen worker named Hodgins. Officer Moore was also in the kitchen, conducting his rounds. Hodgins suddenly stopped talking. Morales turned to look and recognized Moore. As he turned, he felt a forceful poke of an object right into his rectum. Morales asked Moore if he had really just stuck something into his rectum, and Moore said, "Yes, and who do you think they will believe?" (Morales Affid. 1, ECF 55-1.)

Moore was making rounds of the kitchen area on the following day, while Morales was working. After Morales and Hodgins went to the break room, Moore walked in, holding his genitals and repeatedly telling Morales in Spanish to "s*** his dick." (Id.)

After Morales reported these events to jail officials, they reviewed surveillance camera footage of the kitchen, which confirmed Morales' account of Moore's assault. Officials immediately suspended Moore. With help from a jail official, Morales filed a criminal summons, stating that Officer Moore had shoved a pipe, also known as a "chase" into his rectum. Moore ultimately pleaded guilty and was convicted of misdemeanor sexual battery of an inmate by a jail employee. See Va. Code Ann. § 18.2-67.4. Moore was also fired by the jail authority.

Officer Washington told Morales that he was right to report Moore's conduct because sooner or later, someone would have reported it. A female officer told Morales said that she had seen Moore chase an inmate while making sexual gestures. Captain Moubray, who interviewed Morales about the incident, said he was not surprised at Moore's actions toward Morales, because staff had previously complained about similar behavior by Moore. Officer Hon told

Morales she had heard several complaints about Moore, but that none were followed through or written up.

Within days of Moore's assault, Morales was transferred to another jail. Later, a psychiatrist at a state correctional center examined Morales, and diagnosed and treated him for psychological issues, including Post Traumatic Stress Disorder, related to Moore's attack.

In his amended complaint, Morales asserts a § 1983 claim of cruel and unusual punishment (Count IV) and state law assault and battery claims (Counts I & III) against Officer Moore; a § 1983 claim of supervisory liability (Count V) and a state law negligence claim (Count VI) against Jack Lee as the jail superintendent and state law claims of assault, battery, and negligence (Count II, IV, & VII) against the jail authority.[1]

## II. Discussion

### A. Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it does not resolve <u>contests</u> surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992) (emphasis added). "[T]he complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotations and citations omitted).

The jail is operated by the jail authority. Morales named only the jail in his original, <u>pro se</u> complaint, but in the amended complaint, referred to this defendant as the jail authority. Because the amended complaint dropped all claims against the jail itself, the court will dismiss all such claims. To state a § 1983 claim against the jail authority, Morales would have to state

---

[1] The court notes that two counts of the amended complaint were designated as Count IV.

facts showing that "an official policy or custom" of the jail authority caused the deprivation of his constitutional rights through Moore's actions. Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999). Morales concedes, and his submissions reflect, that he has insufficient information to establish any such claim. (Resp. 6, ECF No. 55.) Therefore, the court will dismiss all § 1983 claims against the jail authority.

As stated, Morales also seeks to bring state law claims of assault, battery, and negligence against Jack Lee and the jail authority, as Moore's supervisor and employer, respectively. Defendants argue that these state law claims are time barred under Virginia Code Ann. § 8.01-243.2, because Morales did not raise such claims within one year of accrual. The court agrees.

Under Virginia Code Ann. § 8.01-243.2, a "person confined in a state or local correctional facility" who brings a legal claim related to the "conditions of his confinement" must do so "within one year after cause of action accrues." Va. Code Ann. § 8.01-243.2. This limitation period in § 8.01-243.2 applies to all personal actions relating to the conditions of an individual's confinement, whether or not the plaintiff is still incarcerated when he files the lawsuit. Lucas v. Woody, 756 S.E.2d 447, 451 (Va. 2014); see also Scales v. Markham, No. 7:13CV00597, 2014 WL 4828812, at *7 (W.D. Va. Sept. 29, 2014) (finding that Lucas decision applies retroactively to cases filed before that decision issued). Under Virginia law, a cause of action for personal injury accrues when the injury is sustained. Lucas, 756 F.E.2d at 366 (citing Virginia Code § 8.01-230; Laws v. McIlroy, 724 S.E.2d 699, 702 (Va. 2012)). Thus, in Virginia, a state law claim of personal injury incurred in prison accrues on the date of the injury.[2]

---

[2] The one-year limitation period in Va. Code Ann. § 243.2 has been applied to common-law assault, battery, and negligence. Bing v. Haywood, 283 Va. 381, 385-88, 722 S.E.2d 244, 245-47 (2012) (applying one-year limitations period to claims of pre-trial detainee of assault and battery arising out of a strip search); Billups v. Carter, 268 Va. 701, 710, 604 S.E.2d 414 (2004) (recognizing that a prisoner's common-law assault and battery count against a prison official is governed by the one-year limitation period prescribed by Va. Code Ann. § 8.01-243.2); Harris v. Commonwealth, Case No. 3:07CV701, 2008 WL 1869279, at *5, (E.D. Va. Apr. 24, 2008) (applying § 243.2 to bar claims of negligent hiring and retention and gross negligence).

4

Morales states that Moore attacked and injured him on November 14, 2011, while Morales was confined at the jail. Morales did not file his state law claims against Lee or the jail authority until he submitted his amended complaint on August 7, 2014, nearly three years after his cause of action on these claims accrued. Therefore, Morales' state law claims against Lee and the jail authority fall squarely under Va. Code Ann. § 8.01-243.2 and must be dismissed as time barred.[3]

## A. Summary Judgment for Jack Lee

On a motion for summary judgment, the moving party carries the burden of proving that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. Rule 56. To withstand a summary judgment motion, however, the non-movant must produce sufficient evidence from which a reasonable jury could return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). At this stage, the court must view the record in the light most favorable to the non-movant. Id. at 255. However, a party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Liability under § 1983 must be based on a defendant official's

---

[3] Morales argues that the defendants' motion should be denied because their failure to file an answer to the amended complaint leaves them in default and because they may not assert an affirmative defense, such as the statute of limitations, in a motion to dismiss. See Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . statute of limitations"). These arguments lack merit. Defendants have not failed to defend against Morales' claims, as evidenced by their dispositive motions. See Fed. R. Civ. P. 55(a) (authorizing entry of default only against party who has "failed to plead or otherwise defend") (emphasis added). Moreover, because the facts necessary to defendants' statute of limitations defense are clear from the face of the amended complaint and undisputed, dismissal on that ground is proper. See Brockington v. Boykins, 637 F.3d 503, 506 (4th Cir. 2011) (noting that dismissal under Rule 12(b)(6) "is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense"). Moreover, because Morales is proceeding in forma pauperis, the court could also summarily dismiss his state law claims under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous, because it is clear from the face of the complaint that his claims are time barred under § 8.01-243.2. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 956 (4th Cir. 1995) (en banc).

own conduct, not merely on his supervisory position. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009). Where a supervisory official did not directly order and was not present personally to prevent or intervene in the misconduct of a subordinate officer, he may, nevertheless, be held liable under § 1983 only if "supervisory indifference or tacit authorization of the misconduct" has a causal link to plaintiff's constitutional injuries. Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). To prove such a claim, a plaintiff must first show (1) "that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff." Wilkins v. Montgomery, 751 F.3d 214, 226-27 (4th Cir. 2014) (quoting Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted)). If plaintiff manages this first step, he must also adduce evidence that (2) the supervisor's inadequate response to the risk shows "tacit authorization" of that risk, and (3) a causal connection exists between the supervisor's "inaction" and the violation of plaintiff's constitutional rights. Id.

"Constructive knowledge may be inferred from the widespread extent of the [misconduct], general knowledge of [its] existence, manifest opportunities and official duty of [defendant] to be informed, or combinations of these."[4] Spell v. McDaniel, 824 F.2d 1380, 1391 (4th Cir. 1987). However, plaintiff "cannot satisfy his burden of proof by pointing to a single incident or isolated incidents," and no supervisor can "reasonably be expected to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." Slakan, 737 F.2d at 373 (citations omitted).

Lee states that as superintendant of the jail, he is an employee of the jail authority, as are the other officers who work at the jail. Lee states that he "did not have any personal involvement

---

[4] For example, "the prevalence of [an unconstitutional] practice" by subordinates or widespread publicity of an egregious incident where subordinates exercised such a practice may be "circumstantial evidence that administrators at all levels knew and approved of" that practice. Slakan, 737 F.2d at 375.

6

or contemporaneous knowledge of the events alleged by [Morales]. (Lee Affid. 1, ECF 28-1.) Lee expressly states: "I had no prior warning or notice that a Jail officer was going to assault Morales." (Id.)

Morales fails to offer any genuine issue of material fact to refute these specific statements by Lee. At the most, Morales' affidavits predict that some other officers at the jail could testify that before Moore's assault on Morales, they had observed or heard complaints about Moore engaging in sexually inappropriate behavior while on duty. Because these officers were under Lee's supervision, Morales asserts, Lee knew or should have known what the officers knew about Moore.

Morales' evidence does not support such a finding. The record is devoid of any indication that Moore had previously committed any physically assaultive act of a sexual or nonsexual nature against any jail inmate or that any officer had received a complaint of any such act. Despite ample time for discovery, Morales has failed to present any evidence that Moore had previously committed such acts or that Lee had any knowledge of Moore's having done so. The court cannot find that the occasional, sexually offensive comments and gestures Moore had allegedly made put any officer on notice that Moore "posed 'a pervasive and unreasonable risk' of constitutional injury" to Morales or any other inmate. Shaw, 13 F.3d at 799. Moreover, Morales presents no evidence that any officer ever reported these incidents to Lee.

For the stated reasons, Morales has failed to present any genuine issue of material fact on which he could prove that Lee had knowledge or constructive knowledge of any risk that Moore would commit a sexual assault against Morales. Id. Therefore, the court concludes that Lee is entitled to summary judgment as a matter of law as to Morales' § 1983 claim against him.

7

### C. Claims against Defendant Moore

Because Morales is proceeding in forma pauperis in this civil action, the clerk's office is statutorily assigned under 28 U.S.C. § 1915(d) "to issue and serve all process" in the case. Under Rule 4(m) of the Federal Rules of Civil Procedure, however, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." The court may extend the time for service only if "plaintiff shows good cause for the failure" to serve the defendant in a timely manner.

Morales filed his original complaint against Moore in November 2013 and, through counsel, filed his amended complaint on August 7, 2014, still proceeding in forma pauperis. Since then, the clerk's office has made numerous attempts to accomplish service of the amended complaint on Defendant Moore, by mailing him notice of waiver of service and by directing the United States Marshals Service to undertake to serve him in person, all without success. The USMS reports that their personnel have made a total of five attempts to find and serve Mr. Moore. The latest attempt to accomplish personal service on Moore, at the address provided to the court by Morales, ended on December 30, 2014, when the Marshals Service returned the summons for Defendant Moore unexecuted.[5] (ECF No. 84-85.) On this record, the court finds no basis to invest more time and effort by USMS personnel in attempting to serve Moore. Morales, through counsel, may arrange for service of process on Moore or may provide the court some indication that service can be accomplished on Moore at a different address within a reasonable time. If he fails to do so within thirty (30) days, however, this case will be dismissed without prejudice under Rule 4(m). An appropriate order to this effect will issue this day.

---

[5] The deputy marshal who attempted service noted on the unexecuted summons that the subject does not reside at the address provided, and that the deputy was unable to obtain any new address for the subject.

## III. Conclusion

For the reasons stated, the court grants the motion to dismiss as to the § 1983 claims against the jail and the jail authority, and as to all state law claims against the jail, the jail authority, and Jack Lee. Furthermore, the court grants summary judgment for Jack Lee as to all claims under § 1983, and will require Morales to take immediate action toward accomplishing service on Defendant Moore in order to avoid dismissal of this case under Rule 4(m). The clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 23rd day of January, 2015.

/s/ Jon Conrad
Chief United States District Judge